

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SAMUEL W. HUDSON III, | § | |
| | | No. 08-12-00334-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 116th District Court |
| MARY LOIS SWEATT, | § | |
| | | of Dallas County, Texas |
| Appellee. | § | |
| | | (TC# 10-03202-F) |
| | § | |

## MEMORANDUM OPINION

Appellant Samuel W. Hudson III appeals an adverse judgment in a trespass to try title and partition suit, involving a house and lot located at 1341 Kirnwood Drive in the City of Dallas. He urges that: (1) the district court lacked jurisdiction, as the statutory probate court's jurisdiction was exclusive; (2) the district court should have abated the case as an indispensable party was never served; and (3) the trial court erroneously concluded that the probate case had been closed. We affirm.

## FACTS

The property at 1341 Kirnwood Drive[1] was originally purchased by Sam Hudson Jr. and his wife, Ella Lois Hudson. Ella died in 1978 and Sam died in 2005. Sam Hudson's estate,

---

[1] The legal description of this property is "Lot 10 in Block B/7567 of GARY WOOD ESTATES, according to the Map thereof recorded in Volume 69069, Page 1960, of the Map Records of Dallas County, Texas.

including the Kirnwood property, was probated in Probate Court Number 1 of Dallas County, and a declaration was entered on July 6, 2006, finding heirship as follows:

| | | |
|---|---|---|
| Mary Lois Hudson Sweatt | daughter | 20% |
| Samuel W. Hudson III | son | 20% |
| Estrellita Hudson Redus | daughter | 20% |
| Camellia Hudson Franklin | daughter | 20% |
| Clifford Johnson Hudson, Jr. | grandson | 10% |
| Jason Hudson | grandson | 10%[2] |

In April 2010, Mary Lois Sweatt filed an action to try title to the property, order its sale, and partition the proceeds. All co-owners of the property and heirs to the estate were made parties to the suit. Appellant Samuel W. Hudson III[3] filed a plea to the jurisdiction, urging that the probate court had jurisdiction over the case; and a motion to abate the suit, urging that a necessary party had not been served. Following entry of a partial summary judgment declaring ownership of the property in the percentages set out above, the district court held a jury trial on the remaining issue (whether partition in kind was impossible). The district court entered judgment on the jury's verdict that the property could not be partitioned in kind, and ordering its partition by sale. This appeal follows.

## THE DISTRICT COURT HAD JURISDICTION

Appellant's first and third issues on appeal are interrelated, we will address them together. He urges, as best we can understand, that the property was a part of Sam Hudson Jr.'s estate, that the case involving that estate in Probate Court was still open, and therefore the district court did not possess subject matter jurisdiction regarding the property. We disagree.

Appellant moved the court to dismiss the suit for lack of jurisdiction because "the jurisdiction of all probate matters first lie within statutory county Probate Court." The trial court

---

[2] Clifford and Jason's father, Clifford Johnson Hudson, Sr. had predeceased their grandfather.
[3] Joined below by Clifford J. Hudson, Jr., who is not a party to this appeal.

denied the plea to the jurisdiction. Apparently,[4] the district judge had sought to transfer the case to the Probate Court of Dallas County Texas as Appellant wished, but the probate court refused to exercise jurisdiction, informing the district judge that the probate case for administration of Sam Hudson Jr.'s estate was closed. The district court stated the following in a letter to the parties:

> On May 5, 2011 you notified me in open court of your agreement to have the above referenced case transferred to Probate Court No. 1 for consolidation with Cause No. 05-3198-P. Thereafter, I contacted Judge Thompson, the presiding judge of Probate Court No. 1, to discuss the transfer because, as you may be aware, the ultimate authority to transfer an action lies with the court in which the earlier case was filed. I have been informed that Judge Thompson has declined to transfer Cause No. 10-03202-F to her Court. Furthermore, I understand that Cause No. 05-3198-P is in fact closed.

The Texas Estates Code provides that:

> A judge of a statutory probate court … may transfer to the judge's court from a district … court a cause of action related to a probate proceeding pending in the statutory probate court … and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate. TEX.ESTATES CODE ANN. § 34.001(a) (West 2014) (formerly TEX.PROB. CODE ANN. § 5B).[5]

We note that this provision is discretionary, not mandatory, and gives that discretion to the probate court, not the district court. Thus, we find the district court attempted to accede to Appellant's request to transfer (which was apparently not in writing as it does not appear of record) but the probate court declined to transfer the case. The apparent reason for the probate court's decision was that the estate's debts had been paid and its property distributed. *See Texas Commerce Bank—Rio Grande Valley , N.A. v. Correa,* 28 S.W.3d 723, 728 (Tex.App.—Corpus

---

[4] This does not appear of record, but the parties agree that this is what occurred, and both parties quote the district court's letter on this matter.

[5] Effective January 1, 2014, the Texas Probate Code was repealed and recodified in the Texas Estates Code. *See* Acts 2009, 81st Leg., R.S., ch. 680, § 1 et seq., 2009 Tex.Gen.Laws 1512; Acts 2011, 82d Leg., R.S., ch. 823, § 1.01 et seq., 2011 Tex.Gen.Laws 1901; Acts 2011, 82nd Leg., R.S., ch. 1338, § 1.01 et seq., 2011 Tex.Gen.Laws 3882. Section 34.001 was re-designated from Section 5B of the Texas Probate Code. Acts 2009, 81st Leg., R.S., ch. 680, § 2, 2009 Tex.Gen.Laws 1728. We cite to the Estates Code for convenience.

Christi 2000, pet. denied).  In probate, a formal closing order is not required, but is an administrative convenience to show on the record that the administration is closed.  *See id.*  The probate court was wholly within its discretion in refusing to transfer the case, and the lack of a formal order closing the probate case does not change this.  There is simply no error here.

We conclude the district court possessed subject matter jurisdiction, and no error is shown.  Issues One and Three are overruled.

THE DISTRICT COURT PROPERLY REFUSED TO ABATE

In his second issue on appeal, Appellant Hudson urges that his motion to abate was improperly denied because an indispensable party, Jason White Hudson, never received proper service.[6]  We disagree.

Appellant's initial motion to abate simply stated that a "party necessary to the adjudication of this suit has not been served" without any explanation as to who that party might be or why his or her presence was necessary to the rendition of a valid judgment.  After entry of partial summary judgment, Appellant filed a motion to set it aside, urging that the constable's office that was supposed to serve defendant Jason White Hudson had "faked service on many of their defendants," and "Defendant, Jason Hudson, has always held that he was never served."  A citation for Jason White Hudson was issued on September 14, 2010 by the district clerk, but it was not served or returned, but notates "fees not paid."  No written order by the district court appears in the record, but a reporter's record of pretrial issues indicates that Appellant raised this issue before the jury trial began:

> There has been some indication that he was served at a filling station which is a fraud and is probably a result of the fraud that's been going on in the constable's office that the public knows about where they didn't serve people and acted by—

---

[6] The motion to abate also claims that plaintiff Sweatt was not the proper party to represent the estate of decedent, but this issue has not been appealed.

they did not serve people they were supposed to serve and left the courts to think they had served people.

He was not served. The records that are on file down in the District Clerk's office indicate that what he—when he was attempted to be served, the officer returned it back saying unexecuted, which is the only record that I have which is the real record to show that he was not served. And that's—this is a document which the officer returned to the court which says unexecuted on January—on January the 12th, 2011.

And the section over on the other side wherein he has to note it, the return is blank. … [W]hich to me is proof that Jason Hudson was never served in this case and would—and I make in open court today a motion to abate and dismiss this case due to the fact that the proper parties have not been served.

In response to this, the district court stated:

First, the unexecuted citation that you draw the Court's attention to from January 12th, 2011 indicates that it was not—it was unexecuted because the fees were not paid. That's from the Dallas County constable.

However, subsequent to that, on the 20—on the 24th of March of 2011, an executed return of service along with an attached citation was put in the court's record showing that service has been effected on Mr. Jason White Hudson on December 16th, 2010 at Belt Line and the toll road at a Mobil station.

It further reflects that it is—it is my understanding that this is served by a private process server, not by a constable, Mr. Frank—trying to read his name—Mr. Frank Clabough, C-L-A-B-O-U-G-H, and this was served by that private process server on the date the Court previously stated. And therefore, the idea that this service is somehow tainted by the alleged fraud in the constable's office, the Court is unpersuaded by that and for that reason overrules and denies any requests related to the service.

The record does indeed contain an Amended Lost Return of Service Affidavit from Frank Clabough, stating that he had served citation on "Jason White Hudson at Beltline & the Toll Rd at Mobil S parking lot … on the 16 day of December, 2010, at 5:30 o'clock p.m."

Trial then proceeded without Jason Hudson, and the district court ultimately entered judgment finding that Jason Hudson had failed to appear or answer, and had wholly made default. However, based on the partial summary judgment, Jason Hudson owns a 10 percent

undivided interest in the property, and a like interest in any proceeds from its sale. Finally, in a motion for new trial, Appellant urged that the affidavit of Frank R. Clabough was "wholly false, faux, and defective in that the location of service … does not exist." This motion attaches exhibits in the form of Google Earth printouts and an affidavit by Jason White Hudson that he had never been served with process. Presumably, it was overruled by operation of law.

Appellant's argument that the district court could not proceed with Jason Hudson fails for several reasons. First, there was evidence from which the district court could decide that the return of citation by Mr. Clabough was credible, and that Jason Hudson had indeed been served. We will not disturb that factual finding. Second, Appellant makes no showing as to why Jason Hudson was an indispensable party. His ownership interest in the property was protected by the district court's summary judgment; his failure to appear at trial did not prejudice his rights or those of any other party; and the judgment rendered seems fully adequate to adjudicate the matter at issue. TEX.R.CIV.P. 39(b). Third, even if we were to find some sort of error (which we do not) we cannot see how it harms any party to the suit. TEX.R.APP.P. 44.1. Issue Two is overruled.

**CONCLUSION**

For the reasons set out above, we affirm the trial court's judgment.

SUSAN LARSEN, Justice (Senior Judge)

November 21, 2014

Before McClure, C.J., Rodriguez, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment

6